MATTER OF K—S—Y—

In DEPORTATION Proceedings

A-9825443

*Decided by Board January 30, 1961*

Suspension of deportation—Eligibility—Application requirement under section 244(a)(1), 1952 act.

An application for adjustment of status under section 6, Refugee Relief Act of 1953, is not equivalent to, and may not be substituted for, an application for suspension of deportation under section 244(a)(1) of the 1952 Act.

CHARGE:

Warrant: Act of 1924—Remained longer—seaman.

## BEFORE THE BOARD

**DISCUSSION:** An order entered by the Assistant Commissioner, Immigration and Naturalization Service on July 25, 1951, provides for the deportation of the respondent as an alien who subsequent to entry as a seaman remained longer than permitted. An appeal from the decision of the Assistant Commissioner was dismissed by the Board of Immigration Appeals on November 15, 1951. The respondent now moves this Board to reopen the proceedings to permit the filing of an application for suspension of deportation under section 244 of the Immigration and Nationality Act of 1952 (8 U.S.C. 1254).

The respondent, a native and citizen of China, male, unmarried, 34 years of age, alleges that he last entered the United States as a seaman through the port of New Orleans, on or about December 5, 1949.

Respondent's motion to reopen the proceedings to permit application for suspension of deportation is predicated on the theory that he is now statutorily eligible for this relief. Neither his motion nor the brief in support thereof makes any reference as to which paragraph of section 244, *supra*, respondent relies upon in his claim of eligibility.

Clearly, respondent is not statutorily eligible for relief under subparagraphs 2, 3, 4 and that portion of subparagraph 5 of section 244(a) which relates to remained-longer seamen because he did not

209

last enter the United States "within two years prior to . . . the date of enactment" of the 1952 Act (June 27, 1952). Since no application for suspension of deportation was filed under section 19(c) of the Immigration Act of 1917, the savings clause of the 1952 Act (section 405(a); 8 U.S.C. 1101, note) does not inure to respondent's benefit.

Respondent apparently seeks to establish eligibility for suspension of deportation under section 244(a)(1) [8 U.S.C. 1254(a)(1)] on the basis of an application filed pursuant to section 6 of the Refugee Relief Act of 1953. He maintains that this application for adjustment of status, filed on June 23, 1955, and extended to August 31, 1957, is tantamount to an application for suspension of deportation and, therefore, is a proceeding which in effect sought the same relief as suspension of deportation.

Paragraph 1 of section 244(a) of the Immigration and Nationality Act of 1952, by its terms, expired on December 24, 1957. Respondent apparently is of the belief that he is now statutorily eligible for suspension of deportation under the expired paragraph regardless of the fact that he did not file an application with the Attorney General within the statutory five-year period. He reasons that the section 6 (Refugee Relief Act of 1953) application filed June 23, 1955, may be substituted for the application required by paragraph 1 of section 244(a), *supra*. Respondent cites no authority to support his position. An application to adjust status under section 6 of the Refugee Relief Act of 1953 is not tantamount to an application for suspension of deportation as the respective acts provide entirely different standards for eligibility thereunder. Section 6 of the 1953 Act requires that the application must be filed not later than June 30, 1955. Paragraph 1 of section 244(a), *supra*, requires, *inter alia*, physical presence in the United States for a "continuous period of not less than seven years *immediately preceding the date of (filing) such application.*" (Emphasis supplied.) Respondent on June 23, 1955, the date he filed his section 6 application, did not have seven years of continuous physical presence in the United States. He last entered on December 5, 1949.

An appropriate order will be entered.

**ORDER:** It is directed that the motion be and the same is hereby denied.